UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 26cr10278 |
| v. | Violation: |
| GIANNI WILLIAMS JOHNSON, | Count One: Wire Fraud (18 U.S.C. §§ 1343) |
| Defendant | Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461) |

# INDICTMENT

At all times relevant to this Indictment:

## General Allegations

1. Defendant GIANNI WILLIAMS JOHNSON ("WILLIAMS JOHNSON") was a resident of Massachusetts.

2. Harvest Small Business Finance ("HSBF") was a financial institution headquartered in California.

3. The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

The CARES Act and the Paycheck Protection Program

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering economic harm as a result of the COVID-19 pandemic. Among other things, the CARES Act provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP").

5. PPP loans were required to be used by the business on certain permissible expenses—namely, payroll costs, interest on mortgages, rent, and utilities. The PPP allowed interest and principal on PPP loans to be entirely forgiven if the business spent the loan proceeds on these expenses within a designated time period and used at least a minimum amount of the PPP loan proceeds on payroll expenses.

6. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible for a PPP loan. One such certification required the applicant to affirm that "[t]he [PPP loan] funds w[ould] be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the [PPP] Rules." The applicant, through its authorized representative, was also required to acknowledge as follows: "I understand that if the funds are used for unauthorized purposes, the federal government may hold me legally liable, such as for

charges of fraud." In the PPP loan application, the applicant was also required to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. Lenders used these figures to calculate the amount of money the small business was eligible to receive under the PPP. The applicant was also required to provide documentation showing its payroll expenses.

7. Participating financial institutions, including HSBF, received and processed PPP loan applications from various businesses. If a PPP loan application was approved, the participating financial institution would fund the PPP loan using its own monies, which were guaranteed by the SBA.

Scheme to Defraud

8. On or about April 11, 2021, in the District of Massachusetts, and elsewhere, WILLIAMS JOHNSON devised a scheme to fraudulently obtain pandemic relief funds by filing a PPP loan application for his purported company that contained materially false information, resulting in WILLIAMS JOHNSON receiving $20,833. WILLIAMS JOHNSON thereafter misused the loan proceeds in ways that were not connected to the company's payroll, utilities, rent, or mortgage payments.

9. On or about April 11, 2021, WILLIAMS JOHNSON electronically submitted a PPP loan application to HSBF that contained false statements and falsified tax documents. WILLIAMS JOHNSON's PPP loan application claimed that he was the sole owner of a company that was established in 2018 and located at WILLIAMS JOHNSON's personal residence, and that the company's gross income from 2019 was $936.270. The loan application stated that the purpose of the loan was for payroll.

10. As part of his application, WILLIAMS JOHNSON submitted his social security number, residential address, and phone number.

11. As part of his application, WILLIAMS JOHNSON submitted a falsified IRS Schedule C for tax year 2019 bearing WILLIAMS JOHNSON's name, social security number and residential address. The Schedule C stated that WILLIAMS JOHNSON was a "Driver" and had a gross income of $936,270 and total expenses of $43,660.

12. IRS records show that JOHNSON filed a Form 1040 and reported earnings of $19,482 for the 2019 tax year.

13. On or about April 23, 2021, in reliance on WILLIAMS JOHNSON's PPP application, HSBF approved the PPP loan and deposited $20,833 into WILLIAM JOHNSON's account at Rockland Trust Bank ("Rockland").

14. According to Rockland records, WILLIAMS JOHNSON is the owner and authorized user of his Rockland account, which is in WILLIAMS JOHNSON's name with the same social security number, phone number, and address listed in WILLIAMS JOHNSON's PPP loan application.

15. According to Rockland records, on April 26, 2021, after HSBF deposited the $20,833 loan into WILLIAMS JOHNSON's account, WILLIAMS JOHNSON withdrew $8,000 from the account. None of the expenses from WILLIAMS JOHNSON's account are attributable to payroll.

COUNT ONE
Wire Fraud
(18 U.S.C. §§ 1343)

The Grand Jury charges:

16. The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Indictment.

17. In or about April 2021, in the District of Massachusetts, and elsewhere, the defendant,

GIANNI WILLIAMS JOHNSON,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| **Approximate Date** | **Description** |
|---|---|
| April 11, 2021 | A PPP application electronically submitted by GIANNI WILLIAMS JOHNSON, in Massachusetts, and routed interstate through HSBF's servers located outside of Massachusetts. |

All in violation of Title 18, United States Code, Sections 1343.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

18. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

GIANNI WILLIAMS JOHNSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

a. $20,833, to be entered in the form of a forfeiture money judgment.

19. If any of the property described in Paragraph 18, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 18 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

PHILIP C. CHENG
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 15, 2026
Returned into the District Court by the Grand Jurors and filed.

Katherine Thomson
DEPUTY CLERK at 2:13 pm